# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER NORTH 414 LLC, *et al.* | ) | Case No. 16-17324 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Honorable Janet S. Baer |
| | ) | |
| PREMIUM THEMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Janet S. Baer |
| | ) | |
| MICHAEL LEPIR, SCOTT ENG, KEN ZAUGH, and ANUJ GROVER, | ) | Adversary No. 16-ap-00401 |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF JESSE BOYLE IN SUPPORT OF THE DEBTOR'S
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

I, Jesse T. Boyle, declare and state as follows:

1. I am the president of Premium Themes, Inc. ("*PTI*"), an Illinois corporation with its principal place of business in Chicago, Illinois.

2. I am in all respects competent to make this declaration in support of the Motion for Entry of Default and Default Judgment (the "*Motion*"). Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

3. Except as otherwise indicated, all facts set forth in this Affidavit are based upon my personal knowledge. If I were called upon to testify, I could and would testify competently

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) River North 414 LLC (0005) and (ii) Premium Themes, Inc. (6440).

to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of PTI. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the complaint (the "*Complaint*") that initiated the Adversary Proceeding.

4. As described in greater detail in the Complaint, Defendant received $80,357.56 in Equity Distributions from PTI related to the Lease Termination Payment.

5. Paragraphs 20 through 25 of the Complaint, together with the corresponding Exhibit A, provide a detailed overview of, without limitation, the process by which: (a) Defendant received the Equity Distributions; (b) the Equity Distributions rendered PTI insolvent; and (c) PTI settled with all other Shareholders.

6. As also set forth in detail in the Complaint, PTI has not received or recovered anything from Defendant with respect to the Equity Distributions.

7. As of the Petition Date, PTI is entitled to avoid and recover an aggregate amount of not less than $80,357.56 on account of the Equity Distributions. These amounts do not include any interest, attorneys' fees, or other fees. A spreadsheet detailing how PTI's claim is calculated in accordance with the Equity Distributions is attached to the Complaint as Exhibit A (the "*Avoidance Spreadsheet*"). The Avoidance Spreadsheet was prepared at my direction, and based on my review of the Avoidance Spreadsheet and my familiarity with the surrounding facts, I believe that (a) the $80,357.56 reflected in the Avoidance Spreadsheet is indeed the amount the Defendant received and (b) PTI is entitled to recover on account of the Equity Distributions as of the Petition Date.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4/25/17

_____
Jesse T. Boyle

Sworn and SUBSCRIBED before me this 25th day of April, 2017.

_____
Notary Public

My Commission Expires: 1/21/2019

OFFICIAL SEAL
TERESA GOMEZ
Notary Public - State of Illinois
My Commission Expires Jan 21, 2019