# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RIVER NORTH 414 LLC, *et al.* | ) Case No. 16-17324 |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) Honorable Janet S. Baer |
| PREMIUM THEMES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Honorable Janet S. Baer |
| | ) |
| MICHAEL LEPIR, SCOTT ENG, KEN ZAUGH, and ANUJ GROVER, | ) |
| | ) Adversary No. 16-ap-00401 |
| Defendants. | ) |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **June 27, 2018**, at **10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, or any judge sitting in her stead, in Room 615 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the *Motion for Entry of Default and Default Judgment*, a copy of which is hereby served upon you.

Dated: June 7, 2018

**PREMIUM THEMES, INC.**

By: /s/ Thomas R. Fawkes

Harley J. Goldstein, Esq.
Thomas R. Fawkes, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
111 West Washington Street, Suite 1221
Chicago, Illinois 60602
Telephone: (312) 337-7700
e-mail: tomf@goldmclaw.com

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) River North 414 LLC (0005) and (ii) Premium Themes, Inc. (6440).

## **CERTIFICATE OF SERVICE**

I, Thomas R. Fawkes, an attorney, do hereby certify that on June 7, 2018, I caused true and correct copies of the *Notice of Motion* and *Motion for Entry of Default and Default Judgment*, to be served upon all parties listed below via first class U.S. mail and electronic mail.

/s/ Sean P. Williams

**Parties Served Via First Class U.S. Mail and Electronic Mail**

Michael Lepir
3530 Ervin Street
Eau Claire, WI 54703
mslepir@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER NORTH 414 LLC, *et al.* | ) | Case No. 16-17324 |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | Honorable Janet S. Baer |
| | ) | |
| PREMIUM THEMES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Honorable Janet S. Baer |
| MICHAEL LEPIR, SCOTT ENG, KEN ZAUGH, and ANUJ GROVER, | ) | Adversary No. 16-ap-00401 |
| Defendants. | ) | |

## MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Premium Themes, Inc. ("*PTI*," or the "*Debtor*"), by its undersigned counsel, hereby moves this Court (the "*Motion*"), pursuant to Rule 55 of the Federal Rules of Civil Procedure (the "*Federal Rules*"), made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for an order (i) of default against defendant Michael Lepir (the "*Defendant*") on the basis of the Defendant's failure to plead or otherwise defend against the above-captioned adversary proceeding (the "*Adversary Proceeding*") within the time proscribed by the Bankruptcy Rules and (ii) of default judgment. In support of its Motion, PTI submits the *Affidavit of Jesse Boyle in Support of the Motion for*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) River North 414 LLC (0005) and (ii) Premium Themes, Inc. (6440).

*Entry of Default and Default Judgment* (the "*Boyle Affidavit*," attached hereto as <u>Exhibit A</u>) and respectfully states as follows:

## JURISDICTION AND VENUE

1. This District has subject matter jurisdiction over this Adversary Proceeding pursuant to section 1334 of title 28 of the United States Code (the "*Judicial Code*"). This matter is properly before this bankruptcy judge pursuant to section 157(a) of title 28 of the Judicial Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELEVANT FACTS AND BACKGROUND

4. On May 24, 2016 (the "*Petition Date*"), Premium Themes filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"). PTI's bankruptcy case is currently being jointly administered with the case of River North 414 LLC ("*River North 414*," and collectively with PTI, the "*Debtors*").

5. The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 8, 2016, PTI initiated the Adversary Proceeding by filing a complaint (the "*Complaint*") against the Defendant, seeking to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and 550 and 740 ILCS 160/6, and to avoid and recover improper distributions pursuant to 805 ILCS § 5/9.10.

7. An alias summons (the "*Summons*") was issued on February 28, 2017 (the "*Summons Issuance Date*") [Docket No. 19], and on that same date, PTI served the Summons and Complaint upon the Defendant by first class certified mail, postage prepaid, in compliance with Bankruptcy Rule 7004(b).

8. A summons service executed was filed in the Adversary Proceeding on February 28, 2017 [Docket No. 20].

9. On July 20, 2017, PTI filed its *Motion for Withdrawal of Reference* [Docket No. 30], seeking to have the adversary proceeding heard in the United States District Court for the Northern District of Illinois (the "*District Court*"). On April 16, 2018, the District Court denied the Motion for Withdrawal of Reference and the case is currently before the Bankruptcy Court.

10. On May 3, 2018, the Bankruptcy Court entered the *Scheduling Order* [Docket No. 42] (the "*Scheduling Order*"), which set June 6, 2018 as the deadline for the Defendant to answer the Complaint. Scheduling Order at ¶ 1. The Scheduling Order further provided that PTI's counsel should send the Scheduling Order to Defendant via electronic mail and first class U.S. mail a file a certificate of service with the Bankruptcy Court. Scheduling Order at ¶ 3. Pursuant to the Scheduling Order, a certificate of service [Docket No. 42] was filed, noting that the Defendant was served via electronic mail and first class U.S. mail on May 3, 2018. *See also* Exhibit A (e-mail correspondence to Defendant).

11. Pursuant to the Scheduling Order, the Defendant's deadline to plead or otherwise defend against the Adversary Proceeding (the "*Answer Deadline*") was June 6, 2018. As of the filing of this Motion, Defendant has failed to file a responsive pleading to the Complaint.

## RELIEF REQUESTED

12.     Although PTI properly filed and served the Complaint and the Scheduling Order, as set forth above, the Defendant has not responded as required.  Accordingly, and as set forth in greater detail below, PTI respectfully requests (i) entry of an order of default against the Defendant and (ii) entry of a default judgment.

### A.    ENTRY OF DEFAULT

13.     Federal Rule 55(a), made applicable to the Adversary Proceeding by Bankruptcy Rule 7055, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

14.     Because the Defendant failed to respond or otherwise plead or defend by the time permitted by Bankruptcy Rule 7012(a), PTI respectfully requests that this Court enter the Defendant's default in this action.

### B.    ENTRY OF DEFAULT JUDGMENT

15.     Pursuant to Rule 7055-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois, all default judgments shall be presented to the Court for entry; the clerk shall not prepare or sign default judgments.

16.     Federal Rule 55(b), made applicable to the Adversary Proceeding by Bankruptcy Rule 7055, prevents the entry of a default judgment if the defendant is an unrepresented infant or incompetent person. Fed. R. Bankr. P. 55(b).  Default judgment also cannot be entered without notice to the defaulting party if that party has appeared in the action. *Id*.  Here, the Defendant has failed to file an answer by the Answer Deadline.  Defendant has clearly been on notice of this pending proceeding since at the very least, May 18, 2017, when he appeared in open court to

contest PTI's first motion for entry of a default judgment. To the best of PTI's knowledge, the Defendant is a Wisconsin resident, and is not an unrepresented infant or an incompetent person.

17. Defendant received Equity Distributions that were fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and 550 and 740 ILCS 160/6 and/or improper distributions pursuant to 805 ILCS § 5/9.10. Boyle Affidavit, at ¶ 4-5. PTI has not received anything on account of the Equity Distributions. *Id.*, at ¶ 6. Thus, PTI requests that this Court enter a default judgment in the amount of $80,357.56. *Id.*, at ¶ 7.

**WHEREFORE,** for the reasons stated herein, PTI respectfully requests that this Court issue an order: (a) defaulting the Defendant for failure to answer or otherwise respond to the Complaint in the time and manner set forth in the Scheduling Order; (b) entering default judgment against the Defendant and finding that, *inter alia*, (i) the Equity Distributions made to Defendant are avoidable improper distributions and/or fraudulent transfers; (ii) PTI shall be entitled to recover and shall have a money judgment against Defendant in the amount of $80,357.56; and (c) granting such other relief as the Court may deem appropriate.

Dated: June 7, 2018                    **PREMIUM THEMES, INC.**

                                       By:    /s/ Thomas R. Fawkes
                                              One of Its Attorneys

                                       Harley J. Goldstein, Esq.
                                       Thomas R. Fawkes, Esq.
                                       **GOLDSTEIN & MCCLINTOCK LLLP**
                                       111 West Washington Street, Suite 1221
                                       Chicago, Illinois  60602
                                       Telephone: 312.337.7700
                                       Facsimile: 312.277.2305
                                       e-mail: tomf@goldmclaw.com

                                       *Counsel for the Plaintiff*